**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Gaona, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>State of Arizona; Roger Vanderpool, in his individual and official capacity; City of Page; Shawn E. Stice, an individual; and Angela Bonner, in her individual and official capacity,<br><br>Defendants. | No. CV-11-08007-PCT-NVW<br><br>**ORDER** |

Before the Court is "Defendants City of Page and Shawn Stice's Motion to Dismiss With Prejudice –and- Joinder in State of Arizona and Angela Bonner's Motion to Dismiss as to Counts Three, Four and Five" (Doc. 10) and "Defendants State of Arizona and Angela Bonner's Amended Motion to Dismiss" (Doc. 11). For the reasons explained below, the Court will grant Arizona's and Bonner's motion as to Gaona's § 1983 claim. Without that § 1983 claim, Gaona has no basis for federal jurisdiction. The Court will therefore deny as moot Page's and Stice's motion (which argues only state-law issues), and dismiss the remainder of the case without prejudice to refiling in state court.

**I.     BACKGROUND**

Plaintiff Gabriel Gaona states in his complaint that he previously worked for the Arizona Department of Public Safety (DPS). His DPS duty station was Page, Arizona.

1  In July 2008, DPS terminated Gaona. Gaona challenged his termination, resulting in a
2  settlement agreement in which DPS agreed to withdraw Gaona's termination and remove
3  evidence of such termination from his personnel file, in exchange for Gaona's
4  resignation. Through that settlement agreement, both sides disclaimed any admission of
5  fault.
6  Gaona then got a job with BCSi, a private security guard company with which the
7  federal government had contracted to provide security at the Glen Canyon Dam. As a
8  condition for keeping this job, Gaona was required to pass a federal background check.
9  Ten months after beginning the job, Gaona learned that he had failed the background
10 check and he was immediately fired. This firing took place in front of co-workers.
11 Through a FOIA request, Gaona obtained a copy of his background investigation.
12 The investigation allegedly "shows that DPS, by and through 'Angela Bonner, HR Asst.'
13 documented that Gaona's 'Employment Status Change' is 'Terminated' and stated that
14 'The subject Gabriel Gaona was terminated as a Dept of Public Safety (DPS) Officer for
15 dishonesty.'" (Doc. 1 ¶ 22.) The background investigation also allegedly contains
16 purportedly false and misleading statements by City of Page police detective Shawn
17 Stice, including a statement that Gaona lied to Stice during a police investigation.
18 Gaona has now brought this lawsuit, alleging a § 1983 cause of action, as well as
19 causes of action for breach of contract, tortious interference with contract, defamation,
20 intentional infliction of emotional distress, and negligent supervision.

21 **II.   LEGAL STANDARD**

22 Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal
23 theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
24 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The principle that
25 a court accepts as true all of the allegations in a complaint does not apply to legal
26 conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951
27 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere
28 conclusory statements, do not suffice." *Id*.

### III. ANALYSIS

Gaona's only claim entitling him to federal court jurisdiction is his § 1983 claim, based on the assertion that he has a constitutionally protected liberty interest in his reputation and a constitutionally protected property interest in his job. (Doc. 1 ¶ 31.) Both assertions are incorrect. The Constitution does not protect Gaona's alleged liberty interest in his reputation because the allegedly false and defamatory statements were "not uttered incident to the termination of [his] employment by [a public employer, *i.e.*, DPS]." *Siegert v. Gilley*, 500 U.S. 226, 234 (1991). The Constitution does not protect Gaona's alleged property interest in his job because Gaona was fired by a private employer. Of course, Gaona alleges that his private employer fired him because of what his former (public) employer said about him. But that is garden-variety defamation, and (as already explained) not actionable under § 1983. Accordingly, as a matter of law, Gaona has not alleged a viable § 1983 claim.

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Gaona will not be granted leave to amend his § 1983 claim for two reasons. First, Gaona could not satisfy the § 1983 standards without asserting a contradictory story. Second, Gaona has not requested leave to amend or filed any amended complaint. Under previous practice, it may have been acceptable to wait until resolution of the motion to dismiss before deciding to amend. However, the 2009 amendments to Rule 15 now strongly encourage filing an amended complaint once the defects in a complaint become evident, usually as pointed out by a motion to dismiss. *See* Fed. R. Civ. P. 15, advisory committee note to 2009 amendments. Defendant State of Arizona's and Defendant Bonner's motion to dismiss raised the previously discussed defects in Gaona's § 1983 claim (Doc. 11 at 4–5), but Gaona neither proposed to amend his complaint, nor did he respond to Arizona's and Bonner's arguments except with cases involving discharge from *public* employment and a case about state-law defamation (Doc. 19 at 4). Therefore, Gaona will not be granted leave to amend his § 1983 claim.

Without his § 1983 claim, there is no basis for federal jurisdiction — all of Gaona's remaining claims are based on state law and alleged against in-state defendants. Considering such lack of jurisdiction, the Court will not reach Defendants' arguments to dismiss the state law claims. Instead, the § 1983 claim will be dismissed with prejudice, and all other claims will be dismissed without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that "Defendants State of Arizona and Angela Bonner's Amended Motion to Dismiss" (Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that "Defendants City of Page and Shawn Stice's Motion to Dismiss With Prejudice –and- Joinder in State of Arizona and Angela Bonner's Motion to Dismiss as to Counts Three, Four and Five" (Doc. 10) is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk shall enter judgment dismissing Gaona's first cause of action (42 U.S.C. § 1983) with prejudice, and dismissing Gaona's remaining causes of action without prejudice. The Clerk shall terminate this case.

Dated this 25th day of April, 2011.

_____
Neil V. Wake
United States District Judge